IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
WESTERN DIVISION

**RUSTY LEEWRIGHT**                                                                  PLAINTIFF

v.                                          4:07CV00693-WRW

**WESTERN CONFERENCE OF THE**
**TEAMSTERS PENSION TRUST FUND**                                      DEFENDANT

## ORDER

Pending is Defendant's Motion to Dismiss, Or In The Alternative To Transfer This Action On Grounds of Improper Venue (Doc. No. 16). Plaintiff has responded (Doc. No. 21).

### I. Background

The Western Conference of the Teamsters Pension Trust Fund ("Fund") is a multi-employer pension trust fund established to provide retirement and other benefits for eligible participants in thirteen western states.[1] Plaintiff worked in "covered employment"[2] under the Western Conference of Teamsters Pension Plan ("Plan") from 1987 through 2005.[3] Plaintiff worked exclusively, or almost exclusively, in California but none of his employment was in

---

[1] Doc. No. 16, Ex. 1. The Fund was established pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended. *Id.* The thirteen states in which the Fund provides benefits are: California, Oregon, Washington, Hawaii, Nevada, Arizona, New Mexico, Montana, Idaho, Colorado, Utah, Wyoming, and Alaska. *Id.*

[2] "Covered employment" is employment for which contributions are required to be made to the Fund by the employer. Doc. No. 16, Ex. 1.

[3] Doc. No. 16, Ex. 1.

1

Arkansas.[4] Plaintiff filed an application for a Disability Retirement Benefit on May 30, 2006, giving a mailing address in Northridge, California.[5]

The Fund is administered out of three offices: Alhambra, California (the "Southwest Area Administrative Office); Daly City, California (the "Northern California Area Administrative Office); and Seattle, Washington (the "Northwest/Rocky Mountain Area Administrative Office).[6] The Southwest Area Administrative Office found Plaintiff eligible for a ▮▮▮ Retirement Benefit of ▮▮▮ effective November 1, 2004.[7] Plaintiff worked approximately 950 hours after the effective date of his disability retirement; the 950 hours, according to the Plan rules, allegedly could not be included in the calculation of Plaintiff's pension.[8] Plaintiff disputes this finding.[9]

Plaintiff wrote the Southwest Area Administrative Office and appealed the Plan's decision not in to include the 950 hours in the calculation of his pension.[10] Plaintiff's letter showed a Vancouver, Washington return address.[11] Defendant communicated with Plaintiff by

---

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Id.*

▮▮▮

[10]Doc. No. 2, Doc. No. 16, Ex. 1.

[11]Doc. No. 16, Ex. 1.

2

letter sent to the Vancouver address through April 20, 2007.[12] Defendant paid Plaintiff's benefits to a California bank account.[13] On August 10, 2007, Defendant received notice that Plaintiff's new address was in Austin, Arkansas.[14] Defendant never paid Plaintiff benefits in Arkansas, and never corresponded with Plaintiff in Arkansas about Plaintiff's claim.[15] Plaintiff filed this suit shortly after relocating to Arkansas.[16]

## II. Discussion

Under Section 502(e)(2) of the Employee Retirement Income Security Act of 1974,[17] venue is proper where "the plan is administered, where the breach took place, or where a defendant resides or may be found."[18] Congress intended easy access to the Federal Courts in bringing ERISA actions.[19] Despite Congress's intent, a plaintiff is not free to bring an ERISA action in any district court of his choice.[20]

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] 29 U.S.C. § 1132(e)(2).

[18] *Id.*

[19] See *Wilson v. Zoellner*, 114 F. 3d 713, 715 (8th Cir. 1997).

[20] See *Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1002 (D. Minn. 2006).

A. <u>Where the Plan is Administered</u>

A plan is administered where the plan is managed.[21] The Fund is administered from three administrative offices: Alhambra, California; Daly City, California; and Seattle, Washington. None of these offices are in the Eastern District of Arkansas. Proper venue in the Eastern District of Arkansas can not be based on the location of the plan's administration.

B. <u>Where the Breach Took Place</u>

Courts define "where the breach took place" differently. Some courts define "where the breach took place" as the place where benefits were denied.[22] Other courts interpret "where the breach took place" to mean the location of the office in which the decision to deny benefits was made.[23] While the Eighth Circuit has not yet addressed this issue, it acknowledged that "most courts have determined that the alleged breach occurred in the district where the beneficiary receives, or should have received, the benefits."[24] The place where the beneficiary receives benefits is typically the beneficiary's home district.[25] Congress intended, in passing ERISA, "to

---

[21]See *Sprizen v. Sup. Ct. of N.J.*, 478 F. Supp. 722, 723 (S.D.N.Y. 1979).

[22]See *Stumpf v. Medical Benefits Administrators, Safeco, Inc.*, No. 8:99CV185, 2001 U.S. Dist. Lexis 3387 (D. Neb. March 14, 2001). See also *Cole v. Cent. States Southeast & Southwest Areas Health and Welfare Fund*, 225 F. Supp. 2d 96 (D. Ma. 2002) (holding "the place where the breach took place" to mean "the place where payment was to be received"); *Barker v. New Energy Corp.*, No. CV206-183, 2006 U.S. Dist. Lexis 85190 (S.D. Ga. November 21, 2006) (breach occurred where benefits denied allegedly in breach of ERISA).

[23]See *Turner v. CF&I Steel Corp.*, 510 F. Supp 537, 541 (E.D. Pa. 1981); *Seitz v. Bd. Of Trs. Of the Pension and Ret. Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997) (breach took place where claims processed).

[24]*Luebbert v. Employers and Operating Engineers Local 520 Pension Fund*, No. 4:06CV01140ERW, 2007 U.S. Dist. Lexis 26372, at *9 (E.D. Mo. April 10, 2007).

[25]See *Cole v. Cent. States Southeast & Southwest Areas Health and Welfare Fund*, 225 F. Supp. 2d 96, 98 (D. Ma. 2002)

4

provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities . . . ."[26]

While typically a beneficiary receives benefits in his home district, and venue is thus proper in a beneficiary's home district, Plaintiff receives benefits via wire transfer to a bank account in California while Plaintiff resides in Arkansas. I find that this distinction does not make jurisdiction in the Eastern District of Arkansas improper; a finding to the contrary would create, rather than remove, jurisdictional obstacles and would hamper the enforcement of fiduciary responsibilities. The location of a deposit can be considered a superficial fact because, via the internet, a bank account can be accessed from any of the four corners of the world. A deposit to an account in California is, for all practical purposes, as much at Plaintiff's fingertips as a deposit to an account in Arkansas. Further, Plaintiff could simply request Defendant to deposit his benefits in an account in the Eastern District of Arkansas and then re-file his case. Venue in the Eastern District of Arkansas is proper, and Defendant's Motion to Dismiss or Transfer is DENIED.

IT IS SO ORDERED this 2nd day of November, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[26] H. Rep. No. 93-533, reprinted in U.S.C.C.A.N. at 4396, 4655; *accord* S. Rep. No. 93-127, reprinted in U.S.C.C.A.N. at 4838, 4871.

5